Brady, J.
This action was commenced to enforce a claim for stabling and feeding cattle and whether the plaintiff should recover or not involved a question of fact which was disposed of on conflicting evidence. The defendants had agreed to locate in the plaintiff’s stalls on the 15th of December, 1884, a certain number of cattle which were to be provided for, for the period of six months and from the day mentioned whether the number named were placed or not.
*898 Some of the cattle were received in November and cared for until the fifteenth of December and following that date for the time agreed upon by the contract. The defendants contended at the trial that it was agreed 'also-that for the cattle received prior to the fifteenth of December, no charge was to be made, the defendants having been given two weeks or the time prior to the fifteenth of December to get their cattle into the stalls which were to be prepared for them. They proved by oral evidence that this was the agreement and that when the bjll for the prior period was presented by the plaintiffs, on their protest against it, the plaintiffs officer said “well, let it go,” thus admitting that it had no validity. They also relied upon a letter which may be construed either for or against the defendants considered alone and without other evidence. It may be said, perhaps, that unaided by proof, the construction would necessarily be in the plaintiffs favor, but it did not stand alone, parol testimony having been given pro and con as to the agreement of which the letter was only an item. The defendants wanted the "contract put in writing, but tlie plaintiffs objected, asserting that the word was just as good and binding We cannot say that the learned justice misconstrued the evidence therefore, or that he misunderstood it or that there is a clear preponderance in favor of the plaintiff. It would seem to be improvident for the plaintiff to provide for the cattle that might arrive before the fifteenth of December, and yet that, might have been held out as an inducement to the defendants to make the contract to pay for all the cattle named for six months whether present or not, and indeed as a consideration for an agreement equally improvident. If the question be asked, why should the plaintiff take care of the cattle that might arrive before the fifteenth of December without compensation, the answer may be made interrogatively why should the defendants pay for all the stalls to be occupied for six months, the full price to be given whether cattle were in them or not.
The multitudious transactions of men present so many varieties of barter that nothing seems strange or fanciful, and the most extraordinary are sometimes the most impressive. When they are made and rest upon oral statements, they naturally give rise to misunderstandings which the defendants in this case seem to have forseen in as much as they requested the contract to he put in black and white.
We cannot on any principle applicable here disturb the judgment for the reasons given, and it must be affirmed, therefore, with costs.
Van Brunt, P. J., and Daniels, J., concur.